UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| LAKEISHA Y. DUDLEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 24-135-DCR |
| ) | |
| v. ) | |
| ) | |
| AVI FOOD SYSTEMS, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lakeisha Y. Dudley is a resident of Florence, Kentucky. Proceeding without an attorney, Dudley has filed a complaint naming AVI Food Systems and AVI Food Systems employees John Paylavlas, Craig Rostad, Brian Plieman, Charles Hegland, and Johnny Hegland as defendants. [Record No. 1] Dudley also has filed a motion for leave to proceed *in forma pauperis*. [Record No. 3] The information contained in Dudley's fee motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee. As a result of her pauper status, the fee motion will be granted. Additionally, the $55.00 administrative fee will be waived. District Court Miscellaneous Fee Schedule, § 14.

Because Dudley may proceed without prepayment of the filing fee, the Court will now conduct a preliminary review of her complaint pursuant to 28 U.S.C. § 1915(e)(2). On initial screening, a district court will dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court, however, evaluates Dudley's complaint under a more lenient standard because she

is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts the plaintiff's factual allegations as true, and her legal claims are liberally construed in her favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The sole factual allegation of Dudley's complaint is that she was racially targeted at work, called racial names and eventually wrongfully fired. [Record No. 1 at p. 4] While Dudley indicates that this Court has jurisdiction over this matter because it involves a federal question, she does not identify any particular federal statute or constitutional provision upon which her purported legal claims against Defendants are based, stating only that she "was racially profiled at my job and fired." [*Id*. at p. 3] As relief, she seeks $75,000.00 in damages. [*Id*. at p. 4]

Dudley's complaint will be dismissed on initial review for failure to state a claim upon which relief may be granted. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."). "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). And while "the federal pleading standard is quite liberal . . . there is still a standard to meet." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021). *See also Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019)

("Even a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights . . .").

Dudley does not identify any legal basis for her claims against the named defendants, nor does she make any factual allegations specific to the individual defendants *at all*, much less allegations demonstrating an entitlement to legal relief. Dudley's threadbare allegations that she was called "racial names" and was "eventually wrongfully fired" [Record No. 1 at p. 4], are vague, conclusory, and insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks and citation omitted). *See also Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) (affirming dismissal of claim of racial discrimination because "plead[ing] a legal conclusion without surrounding facts to support the conclusion…fails to state a claim."); *Elliott v. Plaza Properties, Inc.*, No. 2:08CV1037, 2010 WL 2541020, at *7 (S.D. Ohio June 18, 2010) ("conclusions [of racial discrimination] without any factual support are now insufficient to satisfy the pleading standards of the Federal Rules of Civil Procedure, as explained in *Twombly* and *Iqbal*.").

While the Court construes *pro se* pleadings with leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). Thus, Dudley's failure to adequately plead a legal claim for which relief may be granted against the defendants does not give this Court license

to do so on her behalf. *See Kamppi v. Ghee*, 208 F.3d 213 (table), 2000 WL 303018, at *1 (6th Cir. May 14, 2000) ("Thus, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.").

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff Dudley's Motion for Leave to Proceed *In Forma Pauperis* [Record No. 3] is **GRANTED** and payment of the filing and administrative fees are **WAIVED**.

2. Dudley's complaint [Record No. 1] is **DISMISSED**, without prejudice.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: August 30, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky